UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X    Docket#
UNITED STATES OF AMERICA,      :    12-cr-00134-ERK-MDG
                               :
      - versus -               :    U.S. Courthouse
                               :    Brooklyn, New York
JOHN DOE,                      :
                 Defendant     :    October 5, 2012
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR MOTION HEARING
BEFORE THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**


**For the Government**:          **Loretta E. Lynch, Esq.**
                                 United States Attorney

                        BY:  **David Bitkower, Esq.**
                             **Shreve Ariail, Esq.**
                             Assistant U.S. Attorney
                             271 Cadman Plaza East
                             Brooklyn, New York  11201


**For the Defendant**:           **Susan G. Kellman, Esq.**
                                 25 Eighth Avenue
                                 Brooklyn, NY 11217

                                 **David Stern, Esq.**
                                 Rothman, Schneider,
                                 Soloway & Stern, P.C.
                                 100 Lafayette Street,
                                 Suite 501
                                 New York, NY 10013


**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 740 Sharon Road
                                 Copiague, New York 11726
                                 Transcriptions2@verizon.net


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1      THE CLERK:  Criminal Cause for Motion to Seal

2 The Courtroom, United States v. John Doe, docket number

3 12-cr-134.

4      Will the parties please state their appearances

5 for the record starting with the government?

6      MR. BITKOWER:  Good afternoon, your Honor.

7      David Bitkower, for the government and with me

8 at counsel table are Shreve Ariail, also of the United

9 States Attorney's Office, Alumbdar  Hamdamni (ph.) and

10 Anna Marine Sala (ph.) with the Department of Justice.

11      MS. KELLMAN:  Good afternoon, your Honor.

12      Susan Kellman for the defendant and I'm

13 assisted at counsel table by David Stern, my co-counsel

14 and we're also assisted by Housa interpreter and I'll let

15 him introduce himself.

16      THE INTERPRETER:  Good afternoon.

17      My name is Mohommed Aziz Shuaib, Housa

18 interpreter, interpreting from Housa to English and

19 English to Housa.

20      THE COURT:  Okay.  Now please remain standing.

21 (INTERPRETER SWORN)

22      THE COURT:  Now the first matter on our agenda

23 is the government's motion for closure.  Is there anybody

24 here -- does the defense counsel have any comments as to

25 the motion?

3

Proceedings

1          MS. KELLMAN:  We have no objection, your Honor.

2          THE COURT:  Okay.  And is there anybody in the

3    courtroom who wants to speak on the motion?

4          MR. BITKOWER:  And I would note for the record,

5    your Honor, that the doors are unsecured and anyone can

6    enter the courtroom at this point, if they wish to.

7          THE COURT:  Then I will grant the motion and I

8    am going to set forth very briefly on the record and this

9    will be a public record, my findings as to why closure --

10   the government's motion for closure should be granted.

11         Now, the motion for -- the proceeding at issue

12   is an initial appearance of the defendant in this matter.

13   I don't think there's any dispute that the press and

14   public enjoy a qualified First Amendment right to access

15   in criminal trial proceedings.  That's been stated many

16   times and many Supreme Court cases and as the Supreme

17   Court in Press Enterprise Company stated, the right also

18   extends to the criminal trial itself and to other

19   integral parts of the trial process, such as voir dire

20   proceedings and preliminary hearings.

21         So, lower courts have extended the right of

22   access to pretrial proceedings, including bail hearings,

23   suppression hearings and in light of the fact as the

24   Second Circuit acknowledged in Alcantara, that the

25   Federal Rules of Procedure had long provided for the

4

Proceedings

1  public conduct of arraignments.  I will just proceed with

2  my analysis as to why public -- why closure might be

3  appropriate in this case.

4          So, I note preliminarily that the procedures

5  set forth by the Second Circuit in Alcantara have been

6  followed here.  The government filed a notice of motion

7  that was publicly available and that has set forth the

8  date and place of this hearing.

9          Secondly, the Court has published a calendar

10  setting forth the time and place of this hearing and that

11  calendar is both publicly available and appears on the

12  publicly available court docket.

13          So, with respect to the motion itself, I have

14  reviewed the motion papers by the government and I make

15  the following findings:

16          First, I find that there is a substantial

17  probability of prejudice to a compelling interest of the

18  defendant and the government if public access were

19  permitted.

20          With respect to the compelling interests of the

21  government, the government's papers indicate that there

22  is an ongoing investigation of serious crimes which

23  involve violence and complex criminal organizations.

24  Given the nature of the investigation and the crimes

25  investigated, I find that the integrity of the

5

Proceedings

1  investigation would be adversely impacted absent

2  confidentiality in this case.  And those considerations

3  are discussed by the Second Circuit in United States v.

4  Haller, a 1988 Second Circuit case.

5         With respect -- and the Second Circuit has long

6  observed that the integrity of criminal investigations is

7  an important concern.  By having a public proceeding at

8  this juncture, there is a possibility that documents and

9  potential witnesses could be disclosed and it could

10  affect the potential witness -- potential witnesses from

11  wanting to testify.

12         Now, given the nature of the crimes being

13  investigated, I also find that there are compelling

14  interests on the part of the defendant to -- for

15  confidentiality at this point.  Based on the nature of

16  the crimes alleged, I think that there is a tangible risk

17  of retaliatory actions against any person providing

18  adverse information and also any person providing

19  information could be subject to efforts to thwart such

20  testimony.

21         And as the Second Circuit noted in the Doe case

22  at 63 F.3d, page 130, these concerns are especially acute

23  in the context of criminal organizations.

24         Next, I find that there's a substantial

25  probability -- that there's a lack of reasonable

6

Proceedings

1   alternatives to closure to protect the compelling

2   interests of the government and the defendant.  I think

3   that's quite self-evident here that if the identity of

4   John Doe were disclosed at this juncture, the concerns I

5   expressed regarding the interest in the investigation and

6   the potential acts against the defendant could be quite

7   real and tangible.

8           Third, I find that the prejudice to the

9   compelling interests of the government and defendant

10  overrides the qualified first amendment right of access

11  here and because of the importance of the investigation

12  and the need for the defendant for privacy, I think that

13  those needs do override the First Amendment right of

14  access.

15          And finally, I am granting the motion only as

16  to this proceeding which is the request of the government

17  and I think that that is a narrowly crafted order in this

18  regard.  I will note though, I am going to add that at

19  some juncture, when the case becomes public, that the

20  government will have two weeks either to unseal or make

21  an application for further sealing of the court docket.

22          So for the following reasons, I do grant the

23  motion and I will ask that the courtroom be secured.

24              (Matter concluded)

25                  -o0o-

7

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **14TH** day of **January**, 2013.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.